IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RICHARD GRISSOM #1937971 | § | |
| VS. | § | CIVIL ACTION NO. 6:22-229 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Richard Grissom, a prisoner of the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this habeas action challenging a disciplinary proceeding in the TDCJ's Michael Unit. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

Respondent has answered the petition and provided relevant documentation. (Dkt. #28.) Petitioner has filed a reply (Dkt. #29), and this matter is fully ripe for review. For reasons explained below, the Court recommends that the petition be denied, the case be dismissed with prejudice, and that Petitioner be denied a certificate of appealability *sua sponte*.

**I. The Petition and Relevant Background**

Petitioner asserts that he was found guilty on April 14, 2022, of the disciplinary offense of attempted assault. (Dkt. #1 at 5.) He raises two due process claims arising from the disciplinary proceedings against him:

> Claim 1: His constitutional right to due process was violated when he was denied the right to call a witness to testify on his behalf and when an officer's conflicting statements were entered into evidence. (*Id.* at 6.)

      Claim 2: His constitutional right to due process was violated when his counsel substitute failed to enter security video into evidence because "the cameras were down," which Petitioner says is a euphemism meaning the video favored him. (*Id.*)

Petitioner claims that he lost 360 days of sentence credits as a result of this conviction, in addition to 60 days of cell restriction and lost commissary, and a heightened security classification. (*Id.* at 5.) However, he acknowledges that he is serving a 12-year sentence for aggravated robbery and that he is not eligible for release on mandatory supervision. (*Id.* at 2, 5.) Publicly available records of the TDCJ confirm that Petitioner was sentenced to 12 years on June 18, 2014, for aggravated robbery with a deadly weapon. *See* Inmate Information Details, available at https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=06060931 (last visited Sep. 26, 2023).

Petitioner seeks expungement of his disciplinary conviction and restoration of his custody level, line class, and sentence credits. (Dkt. #1 at 7.)

## II. Standard of Review

The federal writ of habeas corpus is available only when an inmate in custody on a state conviction establishes "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The role of federal courts in reviewing habeas petitions filed by state prisoners is thus exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). *Pro se* habeas petitions are construed liberally and "are not held to the same stringent and rigorous standards as are pleadings filed by lawyers." *United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019).

**III. Discussion and Analysis**

The threshold consideration in this case is whether Petitioner has stated or presented the denial of a constitutionally protected right sounding in habeas. He has not. "Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). The procedural protections of the due process clause are triggered only when there has been a deprivation of life, liberty, or property; because neither Petitioner's life nor property interests are at stake, the pertinent question here is "whether he had a liberty interest that the prison action implicated or infringed." *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015); *Richardson v. Joslin*, 501 F.3d 415, 418-19 (5th Cir. 2007).

The Fifth Circuit has held that a variety of prison administrative decisions do not create constitutionally protected liberty interests. Punishment consisting of placement in administrative segregation or the loss of the opportunity to earn good time is not enough to trigger due process protections. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Likewise, the imposition of commissary, recreation, and cell restrictions do not implicate due process concerns. *See Antone v. Preschel*, 347 F. App'x 45, 46 (5th Cir. 2009) (unpublished); *Gaona v. Erwin*, 224 F. App'x 327, 328 (5th Cir. 2007); *see also Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) ("We agree that Madison's 30[-]day commissary and cell restrictions as punishment are in fact merely changes in the conditions of confinement and do not implicate due process concerns."). An inmate also does not have a protected liberty interest in his custodial classification. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *Espinoza v. Benoit*, 108 F. App'x 869, 871 (5th Cir. 2004) (finding that close custody confinement "does not constitute an

'atypical and significant hardship … in relation to the ordinary incidents of prison life.'") (*quoting Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Accordingly, even if Petitioner's punishment included any of these restrictions, they do not present the denial of a constitutional right.

Petitioner also lost 360 days of sentence credits. Under certain circumstances, the loss of accrued credits could inflict punishment imposing an atypical and significant hardship upon an inmate—because the loss of such time could result in the denial of a liberty interest in early release from prison. This is true where an inmate is eligible for release on mandatory supervision. *See Madison*, 104 F.3d at 768.

Here, however, Petitioner is not eligible for mandatory supervision due to his 2014 conviction for aggravated robbery. *See* Tex. Gov't Code § 508.149(a)(12) (providing that defendants convicted of aggravated robbery are not eligible for mandatory supervision). Accordingly, Petitioner's loss of sentence credits does not implicate due process concerns. *See Stewart v. Cain*, 308 F. App'x 748, 750 (5th Cir. 2009) (unpublished) ("Because Stewart is ineligible for early release under the Texas mandatory supervision scheme, he has no constitutionally protected interest in previously earned good-time credits.").

In his reply, Petitioner again acknowledges that he is ineligible for mandatory supervision. (Dkt. #29 at 1.) He argues that because release on mandatory supervision did not exist at the time the Constitution was drafted, it is immaterial to his right to habeas relief. But for the reasons already explained above, that argument is simply incorrect.

Accordingly, none of the punishments Petitioner incurred triggered any right to due process, and Petitioner has not established the deprivation of any constitutionally-protected right.

### IV. Conclusion

For the reasons explained above, Plaintiff has not identified a constitutional or other federal violation affecting the fact or length of his imprisonment, which is fatal to his habeas petition and could not be overcome by amendment. The Court should therefore deny Petitioner's requested relief and dismiss his petition.

### V. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability (COA) from a circuit justice or judge. *Id.*

Although Petitioner has not yet filed a notice of appeal, the court may address whether she would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious."). A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full

consideration of the factual or legal bases adduced in support of the claims.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El*, 537 U.S. at 336).

Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 at 140-41).

Here, Petitioner failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

Accordingly, the undersigned recommends that Petitioner's federal habeas corpus petition be denied and the civil action be dismissed with prejudice. It is further recommended that Petitioner be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 26th day of September, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE